UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

    v.                                                                CASE NO. 2:21-cr-66-SPC-KCD

JESUS ALEXIS VAZQUEZ
                                     /

## **ORDER**

On November 17, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervised Release ("Petition") against Defendant Jesus Alexis Vazquez. (Doc. 146). At the status conference on the matter, United States Magistrate Judge Kyle C. Dudek was unable to communicate with the Defendant due to his mental health issues. (Doc. 159). Accordingly, Judge Dudek ordered a competency evaluation. (Doc. 161).

Following Defendant's competency evaluation, on February 22, 2024, Judge Dudek found that he suffered from a mental disease or defect that rendered him mentally incompetent to proceed. (Doc. 168). Judge Dudek based his findings upon the agreement of counsel and a report submitted by Dr. Pasquale Capozzoli. He committed Defendant to the custody of the Attorney General for further evaluation and treatment.

On December 10, 2024, Forensic Psychologist JohnRobert Jones opined that Defendant remained mentally incompetent to proceed. Based upon Defendant's chronic psychotic disorders, psychotherapy likely would not restore his competency. Instead, medication on a voluntary basis would be necessary.

But Defendant refused medication at FMC Butner. He was returned to Fort Myers and still refused his medication—even after his attorney's request. Notably, Defendant did not suffer from suicidal or homicidal ideations at Butner. His behavior was stable, just as it was while in the custody of the U.S. Marshals Service in Fort Myers and while at the holding facility at the Charlotte County Jail.

The Court conducted several status conferences where the undersigned implored Defendant to take his medication. The Court emphasized that because Defendant had already spent nearly 17 months in custody, it would likely sentence him to time served. However, Defendant still adamantly declined medication. At each status conference, Defendant's mental capacity declined, and the Court's ability to meaningfully communicate with him decreased apace. On May 13, 2025, the Court held another hearing on the matter. (Doc. 190). Given the circumstances, Defendant's counsel orally moved to dismiss the Petition. (*Id.*).

For the reasons discussed on the record, the Court finds that Defendant is presently suffering from a mental disease or defect rendering him incompetent to proceed to a final revocation hearing. Moreover, the Court finds that Defendant's competence will not likely be restored in the foreseeable future without the forced administration of antipsychotic medications. Under these unique facts and circumstances, the Government's interest in bringing this matter to a final revocation hearing is insufficient to permit the Court to order the forced administration of antipsychotic medications to Defendant under *Sell v. United States*, 539 U.S. 166 (2003).

Accordingly, it is

**ORDERED**:

1. Defendant's oral motion to dismiss the Petition (Doc. 190) is **GRANTED**.

2. The Petition (Doc. 146) is hereby **DISMISSED** solely for reasons related to Defendant's current mental state and not the merits of the alleged violations therein.

**DONE AND ORDERED** in Fort Myers, Florida May 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record